UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONG fi, INC. a District of Columbia Corporation<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>GOOGLE INC., a California Corporation and YOUTUBE, LLC, a California Limited Liability Company,<br><br>　　　　　　　Defendants. | Civil Action No. 1:14-cv-01283<br><br>Honorable Rosemary M. Collyer |

**RESPONSE TO SUPPLEMENTAL MEMORANDUM**

At the deadline this Court set for Google and YouTube to oppose Plaintiff's Motion for Temporary Restraining Order, Plaintiff submitted new arguments regarding venue in a "supplemental brief." Plaintiff's submission is procedurally troubling and substantively meritless.

Procedurally, Defendants are left with little opportunity to respond to Plaintiff's belated arguments. And that appears to have been Plaintiff's plan. Plaintiff could have and should have made these arguments in its original motion. Indeed, *Plaintiff clearly contemplated doing so, because the declaration it filed in support of the supplemental brief was executed back on July 24*, well before this case was even filed. Despite have secured a declaration to support arguments about venue, Plaintiff withheld the declaration and the entire argument from its original papers. It waited to present them to the Court until after YouTube's response to the original motion was submitted. That gamesmanship should be countenanced.

As a substantive matter, Plaintiff's venue argument suffers from multiple problems:

*First*, Plaintiff is attempting to escape the provisions of the very contract it seeks to enforce in this action. That is impermissible. *Southland Corp. v. Godette,* 793 F. Supp. 348, 352 (D.D.C. 1992) ("[Plaintiff] cannot now simultaneously seek to enforce against the [Defendants] some of the terms of the Agreement it bargained for while avoiding being itself bound by other terms."); *Jackson v. Iris.com*, 524 F. Supp. 2d 742, 749 (E.D. Va. 2007) ("It is an axiomatic rule of contract law that a party may not rely on the contract when it works to its advantage, and repudiate it when it works to its disadvantage."); *United States v. Bankers Ins. Co.,* 245 F.3d 315, 323 (4th Cir. 2001) ("no party suing on a contract should be able to enforce certain contract provisions while simultaneously attempting to avoid the terms of an arbitration provision contained therein").

*Second*, the sort of unconscionability challenge Plaintiff advances has been rejected time and again with respect to sort of "clickwrap" terms of service agreements at issue here. *See e.g. Tricome*

*v. Ebay, Inc.*, No. 09-cv-2492, 2009 WL 3365873 (E.D. Pa. October 19, 2009) (rejecting unconscionability challenge to adhesive "clickwrap" agreement and enforcing forum selection clause; plaintiff was not obligated to use eBay's service and eBay had legitimate interests in avoiding thousands of potential forums); *Feldman v. Google, Inc.*, 513 F. Supp. 2d 229, 239-40 (E.D. Pa. 2007) (rejecting unconscionability challenge to adhesive "clickwrap" agreement and enforcing forum selection clause; "Just as a cruise line has a special interest in limiting fora, because it could be subject to suit where its passengers come from many locales, Defendant has the same interest where its internet users are located across the United States and the world.").[1] *Novak v. Overture Servs.*, 309 F. Supp. 2d 446, 451 (E.D.N.Y. 2004) (rejecting unconscionability challenge to adhesive "clickwrap" contract for online service and enforcing forum selection clause). It is no surprise that "clickwrap" contracts—under which valuable services are provided for free to millions of people everyday—are highly protective of online services. That protection helps enable their provision of services in the first place.[2]

    *Third*, Plaintiff's assertion of tort claims does not allow it to evade the forum selection clause. The clause governs "any claim or dispute between [Plaintiff] and YouTube that arises in whole or in part from the service . . . ." Hushion Decl., Ex. 1 at ¶14. All of Plaintiff's claims in this case arise *exclusively* from the Service; plaintiff claims it has been wronged by having its content relocated on

---

[1] With respect to the supposedly one-sided nature of the contract at issue in *Feldman* the court explained: "No basis has been presented for the court to conclude that these commonplace terms are unreasonable." *Feldman*, 513 F. Supp. at 243.

[2] Plaintiff's assertion that it had no choice but to use YouTube to distribute its video is absurd. There are countless other online video platforms through which Plaintiff could distribute its video. http://en.wikipedia.org/wiki/List_of_video_hosting_services (listing dozens of examples of services affording functionalities similar to YouTube). Moreover, Plaintiff could disseminate its video through file hosting services such as Dropbox or iDrive, or through an ordinary website that Plaintiff itself set up. Having chosen to utilize the YouTube service instead of the countless available alternatives, Plaintiff is not free to ignore those provisions of YouTube's Terms of Service Agreement that it does not like.

the Service, and by virtue of a message displayed on the Service. Those claims fall squarely within the expansive clause, and courts routinely interpret such language to govern both contract and tort claims. *See, e.g., TradeComet.com, LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 380 (S.D.N.Y. 2010) (enforcing AdWords forum selection clause with respect to antitrust claims brought against Google; "forum selection clauses are to be interpreted broadly and are not restricted to pure breaches of the contracts containing the clauses"); *see also* Defendants' Opposition Brf. at 11 (collecting authorities).[3]

## CONCLUSION

For the foregoing reaosns, and those set forth in the Defendants' Opposition to Plaintiff's Motion for Temporary Restraining Order, Plaintiff's motion should be denied.

WILSON SONSINI GOODRICH & ROSATI, P.C.

By:    /s/  Michael H. Rubin
      Michael H. Rubin (*Admitted Pro Hac Vice*)

      Wilson Sonsini Goodrich & Rosati, P.C.
      One Market Street, Spear Street Tower

---

[3] As a last gasp, after railing in its complaint and its motion that YouTube and Google are one and the same, (Complaint at ¶7, Motion at 3) Plaintiff argues that the companies should be treated as distinct entities for purposes of the forum selection clause. Again, Plaintiff cannot have it both ways. If it wants to dragoon Google into the lawsuit on the theory that Google is YouTube (and charge Google with breaching the YouTube Terms of Service Agreement (Complaint at ¶¶ 36-37), then the forum selection clause in that agreement applies equally to Google. But even if the companies are not identical, the clause would still govern the claims against Google. *See Sabre Int'l Sec. v. Torres Advanced Enter. Solutions, LLC*, No. 11-806, 2014 U.S. Dist. LEXIS 81349 (D.D.C. June 16, 2014) ("[T]he Second, Seventh, Ninth, and Eleventh Circuits have all agreed that, "where the alleged conduct of the nonparties is closely related to the contractual relationship, 'a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.'" [*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007)] (citations omitted); *accord Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285, 1299 (11th Cir. 1998). These courts have reasoned that "[w]ere it not for judicial willingness in appropriate circumstances to enforce forum selection clauses against [non-parties], such clauses often could easily be evaded" *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 441 (7th Cir. 2012), *cert. denied*, 133 S. Ct. 2862, 186 L. Ed. 2d 911 (2013); *see also Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 722 (2d Cir. 2013).

Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: mrubin@wsgr.com

Elizabeth C. Peterson, Bar No. 460259
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, Ca 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: epeterson@wsgr.com

*Attorneys for Defendants*

Dated: July 31, 2014